**UNITED STATES OF AMERICA, ex rel. Larry B. FRIEDMAN**

v.

**ECKERD CORPORATION**

No. Civ.A. 97–5382.

United States District Court, E.D. Pennsylvania.

Sept. 13, 2001.

Ross Begelman, Marc M. Orlow, Begelman & Orlow, PC, cherry Hill, NJ, for plaintiff.

Peter F. Vaira, John E. Riley, William J. Murray, Jr., Vaira, Backstrom, Riley & Smith, Philadelphia, PA, Janet S. Nolan, Richard W. Beckler, Matthew H. Kirtland, Fulbright & Jaworski, LLP, Washington, DC, for defendant.

*MEMORANDUM AND ORDER*

FULLAM, Senior District Judge.

Plaintiff brought this *qui tam* action on behalf of the United States of America alleging that the defendant Eckerd Corporation violated the False Claims Act, 31 U.S.C. §§ 3739 *et seq.* by charging the government for prescription medication which was ordered but never picked up by the patient, but returned to stock and resold; by delivering less than the full quantity provided by a prescription, but charging the government for the full amount; and by failing to keep adequate controls over its inventories, resulting in out-dated supplies being sold as current supplies. The defendant has filed a motion to dismiss, asserting, among other things, that this Court lacks subject matter jurisdiction because of a previously-filed *qui tam* action in Florida, and because plaintiff's allegations are based on publicly-disclosed information. § 3730(b)(5) of the False Claims Act provides:

"When a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action."

§ 3730(e)(4)(A) of the statute provides:

"No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative or Government Accounting Office report, hearing, audit or investigation or from the news media, unless ... the person bringing the action is an original source of the information."

Defendant points to the undisputed facts that on August 7, 1996, a gentleman named Richard Sprys filed a *qui tam* suit against this defendant in the Middle District of Florida asserting the same claims now being pressed by plaintiff. That complaint was voluntarily dismissed, at the request of the government because Mr. Sprys had neglected to place the complaint under seal and had caused it to be served on the defendant. An amended complaint was filed by Mr. Sprys on July 3, 1997, asserting the same irregularities. Mr. Friedman's complaint in the present case was not filed until August 22, 1997. It is also undisputed that a gentleman named Mueller had earlier filed a *qui tam* action against the defendant, in December 1995, alleging at least some of the same claims. On February 3, 1998, the government intervened in the Mueller action and filed its own False Claims Act complaint. The Mueller and Sprys actions are still pending.

It is the contention of the defendant that Mr. Friedman's allegations are "based upon" the information publicly disclosed in the earlier litigation, and that, in any event, § 3730(b)(5) prohibits plaintiff from proceeding with this litigation, in view of the earlier filed cases. Plaintiff has vigorously contended that his allegations are not based upon any public disclosure, and that, in any event, he qualifies as an original source of the information. But plaintiff has not addressed the § 3730(b)(5) issue which, in my view, is dispositive.

The defendant has demonstrated that each of the claims asserted by plaintiff in the present case is identical, or substantially similar to, claims asserted in the Sprys and Mueller cases. Plaintiff makes no argument to the contrary, and my review of the respective pleadings in the three cases confirms defendant's assertion: All of the claims made by Mr. Friedman can be found in the earlier complaints.

It may well be that Mr. Friedman arrived at his allegations independently, rather than because of the public disclosure of the earlier litigation. It may also be true that Mr. Friedman qualifies as an independent source of the information, so that dismissal under § 3730(e)(4)(A) is not justified. But the "first-to-file" rule of § 3739(b)(5) is a separate ground for dismissal, not addressed by plaintiff. Our Court of Appeals has made it clear that the earlier filed cases stand as an absolute bar to the present action. *United States ex rel. LaCorte v. SmithKline Beecham Clincal,* 149 F.3d 227 (3d Cir.1998). The defendant's Motion to Dismiss will be granted.

An Order follows.

### ORDER

AND NOW, this 13th day of September 2001, upon consideration of defendant's Motion to Dismiss and plaintiff's response, IT IS ORDERED:

1. Defendant's Motion to Dismiss is GRANTED.

2. This action is DISMISSED WITH PREJUDICE.